**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SEAN NICHOLAS RAMSEY,               )
                                    )
              Plaintiff,            )
                                    )
       v.                           )         No. 4:21 CV 930 MTS
                                    )
ANNE L. PRECYTHE, et al.,           )
                                    )
              Defendants.           )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Sean Nicholas Ramsey for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

2

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Anne L. Precythe, Chaplain Thomas Reagan, Warden David Vandergriff, Case Manager Vaugh, Case Manager Nicole Warden, Deputy Warden Lorna Black, and DIA Jeff Norman as defendants. Doc. [1 at 1]. Defendants Reagan and Vandergriff are sued in both their individual and official capacities. Doc. [1 at 2-3]. Plaintiff does not indicate the capacities in which the remaining defendants are sued. His allegations concern the alleged denial of his First

Amendment right to practice his religion while he was at the Eastern Reception, Diagnostic and Correctional Center (ERDCC).

In the "Statement of Claim," plaintiff asserts that he contacted the mail room about receiving a copy of "Prose Edda," which is apparently an Odinist religious text. Doc. [1 at 4]. He claims he "was met with the response stating" that he was "not allowed" to have books – including religious texts – mailed to him while he was "in ERDCC Diagnostics." Plaintiff was then referred to Chaplain Reagan.

With regard to Chaplain Reagan, plaintiff states that he wrote Reagan about providing him a copy of "Prose Edda for [his] religious beliefs." He also inquired as to why his face sheet showed his "religion as Christian," when he is actually an "Odinist." According to plaintiff, Chaplain Reagan advised him "that they could only provide Bibles and Korans for inmates," and that he was "not allowed to have [his] Prose Edda sent in while in ERDCC Diagnostics." Plaintiff allegedly "stated" to Chaplain Reagan that he felt as if he were being discriminated against based on his beliefs.

The Court notes that in a supplement to the complaint, plaintiff provides the letter from Chaplain Reagan. Doc. [4 at 7]. Contrary to what plaintiff has alleged, the letter from Chaplain Reagan states that plaintiff is allowed to have the book "Prose Edda" in his possession. However, he explains that "[t]he Chapel is only allowed to hand out books that are donated to the Chapel," and that they can provide Bibles and Korans because they have been donated. Chaplain Reagan advises plaintiff that if he knows a source or contact who would donate books for Odinists, the Chapel "would be happy to receive that donation." In addition, Chaplain Reagan specifically tells plaintiff – in contravention of plaintiff's allegations – that he can order the book and have it shipped to him, and that as long as he follows "the rules of having it shipped, [plaintiff] can have it."

As to Case Worker Vaugh, plaintiff states that he asked Vaugh for an informal resolution request (IRR) based on the denial of his religion and spiritual growth. Doc. [1 at 5]. Case Worker Vaugh allegedly told plaintiff that he "should pick a different [religion]," and failed to provide him an IRR. Likewise, Case Worker Warden also failed to provide him an IRR, and told him that he "was not allowed to have books mailed in while in ERDCC Diagnostics."

Concerning Deputy Warden Black, plaintiff asserts that he wrote Black a "kite"[1] in May 2021 about not being allowed his religious material and not being allowed to fill out an IRR. According to plaintiff, he received no response. Similarly, plaintiff states that he wrote Warden Vandergriff a kite about not being allowed a copy of "Prose Edda" and about his case workers refusing to provide him with an IRR. Doc. [1 at 6]. He does not explain what happened after he sent the kite to Warden Vandergriff.

Regarding defendants Precythe and Norman, plaintiff provides no allegations in the complaint.

Plaintiff lists no injuries as a result of the alleged violation of his constitutional rights, but seeks to "[c]hange policy so that all authorized [religions] be allowed their" religious literature at the ERDCC. Doc. [1 at 8]. He further requests actual damages of $100 a day and punitive damages of $250 a day.

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his First Amendment right to practice his religion. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that

---

[1]"Kite" is a slang word for a written message or request sent by prisoners.

plaintiff's complaint is subject to dismissal. However, he will be given the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is subject to dismissal for several reasons. First, with regard to the official capacity claims, such claims are treated as being made against defendants' employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). In this case, defendants are alleged to be employed by the State of Missouri, meaning the official capacity claims are actually against the state itself. To the extent that plaintiff is seeking money damages, the official capacity claims fail, because the State of Missouri is not a 42 U.S.C. § 1983 "person," and because the claims are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); and *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

To the extent that plaintiff is seeking prospective injunctive relief, he is required to demonstrate the State of Missouri's liability by showing the existence of an unconstitutional policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). While plaintiff mentions a "policy" in his complaint, he has not presented sufficient facts establishing the contents of this policy, or that his inability to receive a copy of "Prose Edda" resulted from "a deliberate choice of a guiding principle or procedure made by the [government] official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).

As to defendants Vaugh, Warden, and Black, plaintiff has not indicated the capacity in which they are sued. When a complaint is silent as to the capacity in which a defendant is sued, the complaint is interpreted as containing only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Official capacity claims are treated as being made against defendants' employer, which in this case is the State of Missouri. As previously explained, however, plaintiff has not adequately asserted a claim against the state.

Regarding defendants Precythe and Norman, there are no allegations against them whatsoever. That is, aside from being named in the case caption, they do not appear anywhere else in the complaint. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

Finally, regarding the individual capacity claims against defendants Reagan and Vandergriff, plaintiff has not drawn a connection between their actions and the violation of a constitutional right. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). As to Warden Vandergriff, plaintiff asserts only that he sent Vandergriff a kite. He presents no further allegations establishing that Vandergriff received the kite, that the kite adequately put him on notice that plaintiff's rights were being violated, and that he did nothing in response. As to Chaplain Reagan, plaintiff states that he asked questions of Reagan, to which Reagan replied, but presents no facts asserting that Reagan was personally responsible for preventing plaintiff from receiving a copy of "Prose Edda."

For all these reasons, plaintiff's complaint is deficient and subject to dismissal. Because plaintiff is a self-represented litigant, the Court will give him the opportunity to submit an amended complaint according to the instructions set forth below. Plaintiff **must** follow these instructions in preparing his amended complaint.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff must also indicate the capacity in which he is suing each defendant. The complaint form should be filled out in its entirety, and plaintiff must ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

8

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

The Court notes that plaintiff is attempting to bring a First Amendment claim, arguing that his inability to receive a copy of "Prose Edda" violated his right to practice his religion. To bring a claim under the Free Exercise Clause, plaintiff must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004). In short, plaintiff must present some facts establishing that the failure to provide him with a copy of "Prose Edda" substantially burdened his ability to practice his religion. For example, plaintiff should explain the purpose of the "Prose Edda" to his religion, why it is necessary for him to practice his faith, how long he was deprived of the book, and who specifically prevented him from receiving it.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v.*

*Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Moreover, if there are no allegations against a particular defendant, that defendant will be dismissed from the action.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days

in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [3]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As discussed above, the Court has determined that plaintiff's complaint is subject to dismissal, and has ordered him to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis Doc. [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order in accordance with the instructions set forth above, the Court shall dismiss this case without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 4th day of January, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE