UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN NICHOLAS RAMSEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21 CV 930 MTS |
| ANNE L. PRECYTHE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Sean Nicholas Ramsey's amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claims against defendants Thomas Reagan, Unknown Vaugh, and Nikki Warden. However, the Court will direct the Clerk of Court to issue process on defendants Anne L. Precythe, Jeff Norman, Lorna Black, and David Vandergriff in their individual capacities as to plaintiff's claims under the First Amendment.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who filed a civil action pursuant to 42 U.S.C. § 1983 on July 28, 2021. Doc. [1]. At the time of the filing, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. The complaint named Anne L. Precythe, Chaplain Thomas Reagan, Warden David Vandergriff, Case Manager Vaugh, Case Manager Nicole Warden, Deputy Warden Lorna Black, and DIA Jeff Norman as defendants. Doc. [1] at 1. Defendants Reagan and Vandergriff were sued in both their individual and official capacities. Doc. [1] at 2-3. However, plaintiff did not indicate the capacity in which the remaining defendants were sued. The

2

complaint contained allegations that plaintiff had been denied his First Amendment right to practice his religion while incarcerated at the ERDCC.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Doc. [2]. On January 4, 2022, the Court granted the motion and assessed an initial partial filing fee. Doc. [6]. Because he was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was subject to dismissal. In particular, the Court noted that plaintiff's official capacity claims were treated as being made against the State of Missouri. However, any claim for money damages against the state were barred, while any claim for prospective injunctive relief failed, as plaintiff had not demonstrated the existence of an unconstitutional policy or custom. With regard to the individual capacity claims against Reagan and Vandergriff, the Court observed that plaintiff had not connected their actions to a constitutional violation.

Rather than dismissing outright, the Court ordered plaintiff to file an amended complaint within thirty days. The Court received plaintiff's amended complaint on January 27, 2022. Doc. [7]. The filing of an amended complaint completely replaces the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Therefore, the Court will treat the amended complaint as the operative pleading.

### The Amended Complaint

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983, and names seven separate defendants: (1) Chaplain Thomas Reagan; (2) ERDCC Warden David Vandergriff; (3) Director Anne L. Precythe; (4) Assistant Director Jeff Norman; (5) Case Manager Vaugh; (6) Deputy Warden Lorna Black; and (7) Case Manager Nikki Warden. Doc. [7] at 3. Defendants are sued in their individual capacities

3

only. *Id.* at 1. As in the original complaint, the amended complaint contains allegations regarding the denial of plaintiff's First Amendment right to practice his religion.

In the "Statement of Claim," plaintiff asserts that when he was incarcerated at the ERDCC from April 2020 to July 2021, he was denied a copy of a religious text called the "Prose Edda." *Id.* at 5. According to plaintiff, the Prose Edda is a book containing the sagas "of the Gods and Goddesses" of the Odinist religion. *Id.* at 7. He states that the Prose Edda "enables one to connect to their Gods and Goddesses," and that without it, one is unable to know the "who, what, where, when, [and] how" of life. *Id.* at 8. Plaintiff explains that the Prose Edda is important because the "Gods [and] Goddesses give an individual guidance and knowledge on their journey." *Id.* at 9.

Plaintiff states that he was "deprived of [his] Prose Edda" between April 2020 and July 2021. Due to this deprivation, he states that he was unable "to practice [his] faith," and that it hindered his ability to "change his fate due to not being able to seek guidance from the Gods and Goddesses on which path on[e] should follow."

With regard to responsibility for this alleged deprivation, plaintiff asserts that he "contacted the ERDCC mail room about receiving a copy of the Prose Edda while [he] was incarcerated" in the diagnostic side of the prison. *Id.* at 18. He alleges that the mail room met his request with a denial, advising him that he could not receive any books – including religious books – while on the diagnostic side of the ERDCC. At that point, plaintiff was referred to Chaplain Reagan.

Plaintiff wrote Chaplain Reagan about being provided a copy of the Prose Edda, and also inquired as to why his "face sheet stated [he] was Christian," rather than "an Odinist." *Id.* at 19. Chaplain Reagan responded by explaining to plaintiff that "the chapel is only allowed to hand out books that are donated to the chapel." *Id.* at 19-20. In addition, Chaplain Reagan told plaintiff that Reagan "would be happy to receive" a donation of the Prose Edda, even though he could not guarantee that plaintiff would receive a

copy. *Id.* at 20. Chaplain Reagan also told plaintiff he was allowed to have a book mailed to him. *Id.* at 21. Plaintiff alleges that this "statement is false," and that he was not allowed to have the Prose Edda mailed to him. As such, he asserts that Chaplain Reagan interfered with his spiritual growth.

As to Case Manager Vaugh, plaintiff asserts that he asked Vaugh for an informal resolution request (IRR) after being denied a copy of the Prose Edda. *Id.* at 22. According to plaintiff, Vaugh told him that he "should pick a different religion," and apparently failed to give him an IRR. Likewise, plaintiff states that Case Manager Vaugh also "failed to provide [him] with an IRR" and told him that he was "not allowed to have books mailed in while in ERDCC diagnostics."

Regarding both Warden Vandergriff and Deputy Warden Black, plaintiff states that he wrote to each of them, explaining that he was not being allowed religious materials or any IRRs. *Id.* at 23. However, he alleges that neither Vandergriff nor Black responded or rectified the situation. Plaintiff contends that this is a violation of procedures. *Id.* at 10. Specifically, he argues that the "Missouri Department of Corrections Institutional Service Procedure Manual" provides that "an institution has no right to [deny] an offender of any of their religious books as long as it's from a bona fid[e] vendor [and] does not risk [the safety] of the [facility]." *Id.* at 11-12.

Similarly, as to Director Precythe and Assistant Director Norman, plaintiff asserts that he wrote to them about being denied IRRs and for being denied religious material, in contravention of correctional policies. *Id.* at 24. Despite contacting them, however, he states that he received no response and no relief.

Based on these facts, plaintiff wants the ERDCC diagnostic side to "allow inmates to receive religious book[s] of their [preference]." *Id.* at 6. He also seeks actual damages of $100 a day and punitive damages of $250 a day for the time he was denied a copy of the Prose Edda.

5

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of violating his First Amendment right to practice his religion. Because he is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claims against defendants Reagan, Vaugh, and Nikki Warden. However, the Court will direct the Clerk of Court to issue process on defendants Precythe, Norman, Black, and Vandergriff in their individual capacities.

**A. Claim Against Chaplain Reagan**

Plaintiff accuses Chaplain Reagan of violating his right to practice his religion under the First Amendment. The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…" U.S. Const. amend. I. Pursuant to the Free Exercise Clause, an individual has the right to believe and profess whatever religious doctrine he or she desires. *In re Kemp*, 894 F.3d 900, 907 (8th Cir. 2018). Moreover, the government may not compel religious belief, punish the expression of religious doctrines, impose special disabilities based on religious views or religious status, or lend its power to a particular side in controversies over religious authority or dogma. *Id*.

A prisoner bringing a claim under the Free Exercise Clause must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). *See also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (stating that "[a]s an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's

individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004).

In this case, plaintiff has not established that Chaplain Reagan violated his right to practice his religion. Plaintiff's central contention is that he was denied a copy of a religious text called the Prose Edda. However, there are no facts demonstrating that Chaplain Reagan was the individual who denied him this book. Rather, as plaintiff acknowledges, Chaplain Reagan merely told plaintiff that Reagan did not have a copy to give him, because he relied on books that were donated to the chapel. Plaintiff is also upset that Chaplain Reagan told him that he could have a copy of the Prose Edda mailed to him. According to him, this statement is "false," apparently because he was unable to have a copy mailed to him, though he asserts that he should have been. Nonetheless, there is no indication that Chaplain Reagan bears any responsibility for not allowing him to receive a religious text through the mail. Far from interfering with his religious rights, plaintiff's allegations against Chaplain Reagan demonstrate that Reagan made efforts to accommodate his beliefs. As such, he has failed to show that Chaplain Reagan violated his rights, and the claim against him must be dismissed.

**B. Case Manager Vaugh and Case Manager Warden**

Plaintiff does not allege that Case Manager Vaugh and Case Manager Warden actually denied him his religious text. Instead, he asserts that they violated his constitutional rights by refusing to give him IRRs so that he could utilize the ERDCC's grievance procedure.

An inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which the state believes it can best determine how he should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). As such, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320

7

F.3d 844, 847 (8th Cir. 2003). *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights").

Here, as noted above, plaintiff alleges only that Case Manager Vaugh and Case Manager Warden failed to give him IRRs in which to start the grievance process. A prison's grievance procedure, however, does not confer upon an inmate a substantive constitutional right. Therefore, the purported interference by Case Manager Vaugh and Case Manager Warden with the grievance process does not have a constitutional dimension. As such, the claims against Case Manager Vaugh and Case Manager Warden must be dismissed for failure to state a constitutional violation.

### C. Director Precythe, Assistant Director Norman, Warden Vandergriff, and Deputy Warden Black

Plaintiff alleges that Director Precythe, Assistant Director Norman, Warden Vandergriff, and Deputy Warden Black were all advised that plaintiff was being unconstitutionally denied a religious text, but that none of them took any action. As already discussed, plaintiff must show that the ERDCC placed a substantial burden on his ability to practice his religion. *See Patel*, 515 F.3d at 813. In order to constitute a substantial burden, the prison's actions "must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a

8

person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *See Murphy*, 372 F.3d at 988.

In the amended complaint, plaintiff alleges that he was denied a copy of the Prose Edda for approximately fifteen months. He further explains that the Prose Edda is a necessary religious text for the practice of Odinism, and that his inability to have a copy prevented him from practicing his faith. According to plaintiff, correctional policies should have allowed him to receive a copy of the Prose Edda from a "bona fid[e]" vendor, but that he was nevertheless prevented from having the book delivered to him. He alleges that he made defendants Precythe, Norman, Vandergriff, and Black aware of the situation, but that they took no action to provide a remedy, even though all held positions of authority and responsibility.

The Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk of Court to issue process on defendants Precythe, Norman, Black, and Vandergriff in their individual capacities. The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the complaint. This is not a determination of the merits of his claim or potential defenses thereto.

Accordingly,

**IT IS HEREBY ORDERED** that the claims against defendants Thomas Reagan, Unknown Vaugh, and Nikki Warden are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

9

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendants Anne L. Precythe, Jeff Norman, Lorna Black, and David Vandergriff in their individual capacities as to plaintiff's claims under the First Amendment. Defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections Employees.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 16th day of June, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE