**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SEAN NICHOLAS RAMSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00930-MTS |
| ) | |
| ANNE L. PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendants Anne L. Precythe, David Vandergriff, Lorna Black, and Jeff Norman to dismiss this case. Doc. [14]. For the reasons discussed below, the motion will be denied.

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center. At the time of the filing, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. On July 28, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, naming Anne L. Precythe, Chaplain Thomas Reagan, Warden David Vandergriff, Case Manager Vaugh, Case Manager Nicole Warden, Deputy Warden Lorna Black, and DIA Jeff Norman as defendants. Doc. [1]. The complaint contained allegations that plaintiff had been denied his First Amendment right to practice his religion while incarcerated at the ERDCC.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Doc. [2]. On January 4, 2022, the Court granted the motion and assessed an initial partial filing fee. Doc. [6]. Because he was proceeding in forma pauperis, the Court reviewed his complaint

under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was subject to dismissal. In particular, the Court noted that plaintiff's official capacity claims were treated as being made against the State of Missouri. However, any claim for money damages against the state were barred, while any claim for prospective injunctive relief failed, as plaintiff had not demonstrated the existence of an unconstitutional policy or custom. With regard to the individual capacity claims against Reagan and Vandergriff, the Court observed that plaintiff had not connected their actions to a constitutional violation.

Rather than dismissing outright, the Court ordered plaintiff to file an amended complaint within thirty days. The Court received plaintiff's amended complaint on January 27, 2022. Doc. [7]. In it, plaintiff named Chaplain Thomas Reagan, ERDCC Warden David Vandergriff, Director Anne L. Precythe, Assistant Director Jeff Norman, Case Manager Vaugh, Deputy Warden Lorna Black, and Case Manager Nikki Warden as defendants. All were sued in their individual capacities only. As in the original complaint, the amended complaint contained allegations regarding the denial of plaintiff's First Amendment right to practice his religion. In particular, plaintiff stated that he had been denied a copy of a religious text called the "Prose Edda," and that this deprivation lasted from April 2020 to July 2021, leaving him unable "to practice [his] faith."

The Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Doc. [11]. Based on that review, the Court dismissed the claims against Reagan, Vaugh, and Warden on June 16, 2022. Doc. [12]. However, the Court directed the Clerk of Court to issue process on defendants Precythe, Norman, Black, and Vandergriff as to plaintiff's claim under the First Amendment. Doc. [11]. Defendants were served pursuant to the waiver agreement the Court maintains with the Missouri Attorney General's Office.

2

On August 15, 2022, defendants filed a motion to dismiss. Doc. [14]. Along with the motion, they submitted a memorandum in support. Doc. [15].

## Motion to Dismiss

Defendants' motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). In the motion, defendants seek dismissal for three separate reasons. First, defendants argue that plaintiff has failed to exhaust his administrative remedies. Second, they contend that plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Finally, defendants assert that plaintiff's damage claims are barred by qualified immunity. For these reasons, defendants request that this action be dismissed.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The Court is not "bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, the reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Id*. "This standard simply calls for enough facts to raise a reasonable expectation that

3

discovery will reveal evidence of the claim or element." *Delker v. MasterCard International, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022).

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## Discussion

As noted above, defendants have filed a motion to dismiss plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court will deny the motion to dismiss, and direct defendants to file an answer within fourteen days.

### A. Failure to Exhaust

In their motion to dismiss, defendants first assert that plaintiff has failed to exhaust his administrative remedies. Specifically, defendants argue that the Missouri Department of Corrections "has a robust grievance policy," and that plaintiff did not follow it. Defendants acknowledge that in his amended complaint, plaintiff indicates that he "was never granted an IRR." Nevertheless, defendants contend that plaintiff provides no explanation as to when his IRR request was denied, and fails "to explain his lack of exhaustion efforts from April of 2020 to July of 2021."

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983…by a prisoner confined in any jail, prison, or other such correctional facility until such administrative remedies as available are exhausted." 42 U.S.C.

4

§ 1997e(a). Under the PLRA, exhaustion is mandatory and is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance with applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006).

Exhaustion, however, is an affirmative defense under the PLRA, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). *See also Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019) ("Failure to exhaust is an affirmative defense under the PLRA; inmates are not required to specially plead or demonstrate exhaustion in their complaints"); and *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) ("The PLRA's exhaustion requirement is not a heightened pleading requirement…This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and prove"). Furthermore, an inmate is "excused from exhausting remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015). *See also Minter*, 939 F.3d at 928 (explaining that if defendant identifies a specific remedy, plaintiff has "the opportunity to contest whether that remedy is available"); and *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (explaining "that a remedy that prison officials prevent a prisoner from utilizing is not an available remedy under [42 U.S.C.] § 1997e(a)").

As discussed above, plaintiff is not required to plead or demonstrate exhaustion in his amended complaint. Moreover, he has indicated that he was prevented from utilizing his prison's

5

grievance procedure, rendering them unavailable. In particular, plaintiff has alleged that his request for an IRR was refused. Thus, at this stage of the proceedings, it is unclear whether plaintiff has failed to exhaust his administrative remedies, or if he was prevented from doing so. The Court will therefore deny defendants' motion to dismiss on this basis.

### B. Failure to State a Claim Under 42 U.S.C. § 1983

Defendants next contend that plaintiff has failed to state a First Amendment claim that is sufficient to impose supervisory liability under 42 U.S.C. § 1983. They argue that plaintiff has not set forth any allegations showing that defendants were personally responsible for denying him a copy of the Prose Edda, and that the "kite or letter" he sent to them is insufficient.

Vicarious liability is inapplicable in 42 U.S.C. § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). Rather, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). *See also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution"). "Even if a supervisor is not involved in day-to-day operations, his personal involvement may be found if he is involved in creating, applying, or interpreting a policy that gives rise to unconstitutional conditions." *Jackson*, 747 F.3d at 543.

With regard to plaintiff's free exercise claim, the First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…" U.S. Const. amend. I.

Pursuant to the Free Exercise Clause, an individual has the right to believe and profess whatever religious doctrine he or she desires. *In re Kemp*, 894 F.3d 900, 907 (8th Cir. 2018). Moreover, the government may not compel religious belief, punish the expression of religious doctrines, impose special disabilities based on religious views or religious status, or lend its power to a particular side in controversies over religious authority or dogma. *Id*.

A prisoner bringing a claim under the Free Exercise Clause must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). *See also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (stating that "[a]s an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004).

In this case, plaintiff has alleged that he was denied a copy of the Prose Edda for approximately fifteen months. He further explains that the Prose Edda is a necessary religious text for the practice of Odinism, and that his inability to have a copy prevented him from practicing his faith. According to plaintiff, correctional policies should have allowed him to receive a copy of the Prose Edda from a "bona fid[e]" vendor, but that he was nevertheless prevented from having the book delivered to him. He alleges that he made defendants Precythe, Norman, Vandergriff, and Black aware of the situation, but that they took no action to provide a remedy, even though all

7

held positions of authority and responsibility, and could have intervened to ensure that he was able to practice his religion.

At this stage of the proceedings, the Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson*, 747 F.3d at 541. The Court will therefore deny defendants' motion to dismiss on this basis.

### C. Damage Claims Barred by Qualified Immunity

Finally, defendants assert that qualified immunity bars plaintiff's claims for damages. They note that qualified immunity protects government officials in performance of their official duties, as long as their conduct does not violate a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); and *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010). To that end, defendants acknowledge that plaintiff "has a clearly established right under the First Amendment to exercise his religious preferences." However, defendants argue they "should be afforded qualified immunity because there are no facts demonstrating they had knowledge that [his] clearly established rights were violated."

As discussed above, plaintiff has alleged that his ability to practice his religion was substantially burdened when he was denied a copy of the Prose Edda – a necessary religious text for the practice of Odinism – for approximately fifteen months. Plaintiff has also alleged that he notified defendants that his rights were being violated, and that they did not intercede to help. Defendants contend that plaintiff sent only "a single letter," and that this is not sufficient to assert their responsibility. At this point, however, plaintiff has alleged that defendants had notice that his

8

rights were being violated, that they were in a position to intervene, and that they did not intervene to stop the violation of his rights. The Court must accept these allegations as true, and give plaintiff the benefit of all reasonable inferences. *See Jones*, 915 F.3d at 499. The Court will therefore deny defendants' motion to dismiss on this basis.

    **D. Denial of Motion**

For all the reasons discussed above, the Court will deny defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As such, defendants will be required to file an answer within fourteen days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss, Doc. [14], is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file an answer within **fourteen (14) days** of the date of this order.

Dated this 7th day of November, 2022.

                                                  MATTHEW T. SCHELP
                                                  UNITED STATES DISTRICT JUDGE