UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN NICHOLAS RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-930-MTS |
| | ) | |
| ANNE L. PRECYTHE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants Anne L. Precythe, David Vandergriff, Lorna Black, and Jeff Norman's (collectively, "Defendants") Motion for Summary Judgment, Doc. [52]. For the reasons that follow, the Court will grant Defendants' Motion.

### I.      Background

At the time the events giving rise to the Amended Complaint, Doc. [7], occurred, Plaintiff Sean Nicholas Ramsey was housed at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC").[1]  Doc. [53] ¶ 1. According to ERDCC policy, offenders assigned to the Reception and Diagnostic Units are not permitted to order items until they are assigned to a permanent institution. *Id.* ¶ 5; Doc. [62] ¶ 1. Additionally, the policy states that personal property is not allowed at the institution. Doc. [53] ¶ 2.

Plaintiff has stated that he is an Odinist who worships the Norse gods, and during his time at the ERDCC, Plaintiff was denied a copy of the *Prose Edda*. *Id.* ¶¶ 3-4. The *Prose Edda* is a book of Norse poetry and sagas. *Id.* ¶ 4; Doc. [62] ¶ 2. Because Plaintiff was denied access to the *Prose Edda*, he alleges his First Amendment rights were violated.

---

[1] Plaintiff is currently confined at the Jefferson County Detention Center located in Hillsboro, Missouri.

## II.    Legal Standard

"A court must grant a motion for summary judgment if the moving party shows that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing Fed. R. Civ. P. 56(a)).  The movant bears the initial burden of explaining the basis for its motion, and it must identify those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Torgerson v. City of Rochester*, 643 F. 3d 1031, 1042 (8th Cir. 2011).  The movant may satisfy its burden in one of two ways.  The movant may either produce evidence negating an essential element of the non-moving party's case, or it may show the non-moving party—here, the Plaintiff—does not have enough evidence of an essential element of its claims to carry the ultimate burden of persuasion at trial. *Bedford*, 880 F.3d at 996; *accord* Fed. R. Civ. P. 56(c)(1).

Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed.   "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgement." *Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007); *see also Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").  If the nonmoving party fails to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof, the moving party is "entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The court views any factual disputes in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

III.    **Discussion**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or *prohibiting the free exercise thereof*." (emphasis added). A prisoner bringing a claim under the Free Exercise Clause must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his religion. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008); *see also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (explaining that "a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "If the prisoner fails to put forth sufficient evidence that his ability to practice his religion has been substantially burdened, then the court need not apply the *Turner* test to the Free Exercise claim." *Gladson v. Iowa Dep't of Corrs.*, 551 F.3d 825, 833 (8th Cir. 2009) (referencing *Patel*, 515 F.3d at 813 n7); *see also Turner v. Safley*, 482 U.S. 78, 89-91 (1987). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Mo. Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004).

Plaintiff contends that Defendants knowingly denied his First Amendment rights by denying him possession of *Prose Edda* "causing him hinderance of his spiritual growth." Doc. [62] ¶¶ 2, 6. Conversely, Defendants argue that *Prose Edda* is not a religious text, and as such, withholding the text cannot amount to a Free Exercise violation.[2] Following review of the record,

---

[2] Defendants have presented the opinion of Timothy R. Tangerini, a professor at University of California Berkeley, who has expertise in folklore and Old Norse language and literature and is currently teaching courses in folklore and

even under a liberal construction, Plaintiff has failed to establish a genuine dispute of material fact that his right to free exercise was substantially burdened. Plaintiff alleges that "*Prose Edda* is very vital within ones growth in Odinism as it is the oldest saga of the Gods in writing," and that "*Prose Edda* . . . is the only book that is recognized as a spiritual guide for Odinism." *Id.* ¶¶ 1, 3. However, a genuine dispute of material fact requires "sufficient evidence supporting the claimed factual dispute." *See Anderson*, 477 U.S. at 248-49. Here, Defendants have produced evidence—in the form of an expert report—to support their assertions that the *Prose Edda* is not a religious text and that Plaintiff cannot show his sincerely held religious beliefs were substantially burdened. Now, "the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise designate specific facts showing there is a genuine issue for trial." *See Smith v. St. Louis City Jails*, 4:15-cv-439-HEA, 2016 WL 319552, at *2 (E.D. Mo. Jan. 27, 2016) (citing *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005)). Plaintiff has failed to do as much.

Here, Plaintiff has failed to provide any evidentiary support necessary to show that withholding the *Prose Edda* amounts to a substantial burden. The record is devoid of any affidavit, deposition, or other piece of evidence that the *Prose Edda* qualifies as a sacred Odinist text or even that Plaintiff sincerely holds Odinist-type religious beliefs. While it certainly "is not within the judicial ken to question the centrality of particular beliefs or practices to a faith," *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989), "[a]t the summary judgment stage, bare assertions simply cannot suffice." *Thomas v. Amtrak*, 745 F. App'x 875, 877 (11th Cir. 2018) (per curiam) (citing *Celotex Corp.*, 477 U.S. at 322–24). Plaintiff has failed to provide any evidence that the denial of the

---

early Nordic culture. *See* Doc. [54-1]. Tangerini's report states that "[t]he *Prose Edda* is a secular piece of writing originally intended as a textbook for Icelandic poets," and that "[t]here are no indications anywhere in the literature . . . that the *Prose Edda* is a sacred text." *Id.* at 9.

*Prose Edda* while he was temporarily incarcerated in the Diagnostic Unit—and awaiting permanent placement—amounts to a substantial burden on his sincerely held religious beliefs.[3]

Further, the ERDCC Policy at issue is a neutral, generally applicable one. The Policy at issue provides that personal property is not allowed at the institution and that "offenders assigned to the Reception and Diagnostic Units will not be permitted to order items until they are assigned to a permanent institution." Doc. [53] ¶¶ 2, 5; Doc. [62] ¶ 1 (stating that "an offender is not allowed to order books while in R&O"). The Policy, therefore, prohibits possession of the Bible, the Quran, and the *Prose Edda* just as much as it prohibits possession of *Adventures of Huckleberry Finn*, *A Farewell to Arms*, and *To Kill a Mockingbird*. Under current Supreme Court precedent, a "generally applicable and otherwise valid" rule does not violate the Free Exercise Clause "if prohibiting the exercise of religion . . . is not [its] object . . . but merely the incidental effect of" its operation. *Emp. Div., Dep't of Hum. Res. of Ore. v. Smith*, 494 U.S. 872, 878 (1990). For this additional reason, Plaintiff's First Amendment Claim fails.[4]

## CONCLUSION

Plaintiff has failed to establish a genuine dispute of material fact that his ability to practice his Odinist beliefs have been substantially burdened because he has failed to support his assertions that *Prose Edda* is a central tenet of his Odinist faith. Plaintiff's failure to allege specific facts supporting his assertions is insufficient to create a material dispute requiring a trial. *See Borzych*

---

[3] And even if Plaintiff had supported his bare assertions with evidence, he has not established that withholding the *Prose Edda* amounted to a substantial burden. *See Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); *see also* Doc. [53-2] at 9 (explaining that while offenders are not permitted to order any materials or packages while in the diagnostic units, they may "request materials from the chaplain").

[4] Plaintiff's Amended Complaint only brings a claim for a violation of his rights under the First Amendment. The Amended Complaint makes no mention of any other claims, and, throughout this litigation, Plaintiff has not raised or referenced any other claims. For that reason, the Court has no occasion to analyze the Policy's compliance with any other provision of law. *See, e.g.*, Religious Land Use and Institutionalized Persons Act, Pub. L. No. 106-274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc *et seq.*).

*v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006) (explaining that because "[the plaintiff's] only evidence on this point is his unreasoned say-so," the lack of objective evidence is "insufficient to create a material dispute").  As such, the Court will grant Defendants' Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, Doc. [52], is **GRANTED.**

A separate Judgment will be entered herewith.

Dated this 31st day of July 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE